KAHN, J.
Robert Burgess, the claimant in this workers’ compensation case, appeals the final order of the judge of compensation claims (JCC) denying payment of his past psychiatric treatment with an unauthorized provider. Because the JCC erroneously limited the scope of section 440.13(2)(c), Florida Statutes, we reverse and remand for further proceedings.
On June 5, 1997, Burgess requested psychiatric treatment with Dr. Gonzalez. Claims Management, Inc. (Carrier) did not respond to this first request, but denied Claimant’s four subsequent requests, never providing for alternate care. On May 11, 1998, Claimant filed a petition for benefits claiming, among other things, payment of his past treatment with Dr. Gonzalez. On May 18, 1998, the Carrier offered alternative psychiatric care. The JCC denied Claimant’s claim for past medical care with Dr. Gonzalez stating:
When a petition was filed for this benefit, the employer/carrier offered a choice of several psychiatrists, all of whom were rejected and the claimant was kept under the sporadic care of Dr. Gonzalez. Dr. Gonzalez was not authorized, there was no emergent condition with a denial of medical or psychiatric care by the employer/carrier, and no justification for the claimant refusing the psychiatric care tendered.
Claimant argues that he does not have to file a petition for benefits to invoke the protections of section 440.13(2)(c), Florida Statutes.
*1239 The applicable statute provides that “the employer shall furnish to the employee such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require .... ” § 440.13(2)(a), Fla. Stat. (Supp.1996). The statute also states that:
If the employer fails to provide treatment or care required by this section after request by the injured employee, the employee may obtain such treatment at the expense of the employer, if the treatment is compensable and medically necessary. There must be a specific request for the treatment, and the employer or carrier must be given a reasonable time period within which to provide the treatment or care. However, the employee is not entitled to recover any amount personally expended for the treatment or service unless he has requested the employer to furnish that treatment or service and the employer has failed, refused, or neglected to do so within a reasonable time or unless the nature of the injury requires such treatment, nursing, and services and the employer or his or her superintendent or foreman, having knowledge of the injury, has neglected to provide the treatment or service.
§ 440.13(2)(c), Fla. Stat. Claimant correctly argues that requiring the filing of a petition for benefits prior to receiving reasonable and necessary medical care and treatment would contravene the legislative intent of our workers’ compensation law. See § 440.015, Fla. Stat. (1995) (“It is the intent of the Legislature that the Workers’ Compensation Law be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker’s return to gainful reemployment at a reasonable cost to the employer.”). We hold that section 440.13(2), Florida Statutes, does not require a claimant to file a petition for benefits to trigger the employer’s obligation under that statute.
The JCC in this case never reached an explicit conclusion about the reasonableness or necessity of Dr. Gonzalez’ treatment because he found the statute inapplicable until Claimant filed a petition for benefits. Because we hold otherwise, this case is REVERSED and REMANDED for further proceedings.
ERVIN-and POLSTON, JJ„ concur.